[Cite as *Wright v. Wright*, 2018-Ohio-4507.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tiaquenteniece Wright, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 18AP-521 |
| | | (C.P.C. No. 18DR-1133) |
| Kenny Wright, Jr., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 6, 2018

**On brief:** *Tiaquenteniece Wright*, pro se. **Argued:**
*Tiaquenteniece Wright.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

TYACK, J.

{¶ 1} Tiaquenteniece Wright is appealing from certain provisions of her divorce decree. She assigns a single error for our consideration:

> The trial court erred in not awarding appropriate spousal
> spouse [sic] and in dividing the property.

{¶ 2} The trial court ordered spousal support of $150 every 2 weeks for a period of 6 months. The decree of divorce made it clear that a total of 13 payments were to be made. These payments were ordered as the result of an agreement of the parties. The agreed judgment entry, decree of divorce provided to the trial court bears the signature of both Tiaquenteniece Wright and Kenny Wright, Jr.

{¶ 3} In this appeal, Ms. Wright argues that the amount she agreed to is not enough of a spousal support order. We, as an appellate court, cannot undo this agreed spousal

support order. We have no way of knowing if more should have been granted or less should have been granted because the parties put no information before the trial court except their agreement. Therefore, we cannot say the trial court erred in ordering spousal support in the amount Ms. Wright agreed to.

{¶ 4} Ms. Wright does not tell us what was wrong with the property division she now questions on appeal . Each party was awarded what they had on the day of the divorce, again as a result of the agreement of the parties. Kenny Wright, Jr. was ordered to pay a joint debt of $3,145.05.

{¶ 5} He also was ordered to pay Ms. Wright's cell phone bill. Nothing about the property division could be called an abuse of discretion.

{¶ 6} As a result, the sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

——————————